UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **JOSEPH HUDSON,**<br><br>                **Plaintiff,**<br>v.<br><br>**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**<br><br>                **Defendant.** | Civil Action No. 4:17CV-00071-JHM<br><br><br>**COMPLAINT** |

## Introduction

1. This complaint seeks legal and equitable damages arising from and relating to disability benefits payable under an insurance policy issued by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive and are presented solely to provide the requisite notice of the basis for Plaintiff's allegations.

## Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391. Plaintiff resides in, and Defendant can be found, in this district.

### Parties

6. Plaintiff Joseph Hudson ("Mr. Hudson") is a participant and an insured under the insurance policy at issue in this lawsuit.

7. Defendant Liberty Life Assurance Company of Boston ("Liberty") is the underwriter and insurer of the long-term disability insurance policy at issue in this lawsuit. At all relevant times, Liberty was doing business within the Commonwealth of Kentucky.

### Facts

8. Mr. Hudson was employed by Toyota Motor Engineering and Manufacturing.

9. As a Toyota employee, he was covered by a long-term disability insurance policy ("Policy") issued by Liberty to fund a welfare benefit plan.

10. The Policy insured 66-2/3% of Mr. Hudson's monthly pre-disability earnings. Liberty calculated Mr. Hudson's monthly long-term disability benefits to be $3,288.88.

11. For the first 24 months of benefits, the Policy defines disability based on an insured's ability to perform the material duties of their job with Toyota, commonly referred to as *own occupation*. Thereafter, the Policy defines disability based on the insured's ability to perform the material duties of *any occupation*.

12. Each of the Policy disability definitions requires consideration of Mr. Hudson's medical records, as well as his age.

13. The maximum period the Policy provides long-term disability benefits is the insured's Social Security Normal Retirement Age – in this case, age 67.

14. In June 2015, Mr. Hudson became unable to perform the material duties of his job at Toyota because of physical limitations caused by his disabling conditions and corresponding treatment regimen. He submitted a claim for the Policy long-term disability benefits, which Liberty began paying effective December 3, 2015.

15. Liberty continued to pay Mr. Hudson's claim for long-term disability benefits until August 8, 2016. Despite his medical condition, and resulting restrictions and limitations precluding him performing the substantial and material duties of his job with Toyota, Liberty

refused to continued paying his long-term disability claim.

16. Mr. Hudson appealed the termination of his claim, but his appeal was denied. As a result, Mr. Hudson exhausted his administrative remedies.

17. Mr. Hudson met, and continues to meet, the requirements of the Policy necessary to receive long-term disability benefits from the date the benefits were terminated to the present, and continuing until he attains age 67.

18. Mr. Hudson's complaint is timely and is not otherwise time barred.

19. At all relevant times, Liberty has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Mr. Hudson are paid from Liberty's own assets.

20. Liberty's corporate culture pressures claims personnel to deny claims in order to reduce the amount of monthly benefits paid.

21. Employees who save Liberty money by terminating or denying claims are more likely to be rewarded with bonuses, promotions, and favorable employment reviews as compared with those who do not.

## Claims

22. The long-term disability insurance policy is a written contract.

23. Liberty breached the terms of the contract. By way of example, and without limitation, Liberty failed to provide the contractual long-term disability benefits.

24. Liberty's contractual breaches have resulted in damage to Mr. Hudson, not only in the loss of disability benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

25. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Hudson to enforce the contractual terms of the insurance policy, to obtain past benefits, to receive reinstatement for payment of long-term disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

26. Because of Liberty's conduct, Mr. Hudson has incurred attorneys' fees and costs.

27. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Hudson to recover his reasonable attorneys' fees and costs.

### **Prayer for Relief**

28. Mr. Hudson requests the Court enter judgment in his favor and against Liberty on all claims asserted herein.

29. Mr. Hudson requests the Court award reasonable attorneys' fees and costs.

30. Mr. Hudson requests the Court award pre- and post-judgment interest at the greater of the prime rate or the rate earned by Liberty on the unpaid disability insurance benefits.

31. Mr. Hudson requests the Court award all other legal or equitable relief.

32. Mr. Hudson requests leave to amend the complaint as needed.

Dated: May 25, 2017

Respectfully submitted,

s/ Michael D. Grabhorn
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
Grabhorn Law Office, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
p: (502) 244-9331
f: (502) 244-9334